IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KELLY S.H.,

        Plaintiff,

v.

LELAND DUDEK, Acting
Commissioner of Social Security,[1]

        Defendant.

Case No. 22-CV-00355-SEH-JFJ

## OPINION AND ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Jodi F. Jayne reviewing the decision of the Commissioner Social Security to deny benefits. [ECF No. 25]. The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons set forth below, the Court agrees, overrules Plaintiff's objections [ECF No. 26], adopts the Magistrate Judge's Report and Recommendation, and affirms the Commissioner's decision to deny benefits.

### I. Background

Plaintiff applied for disability benefits on November 19, 2019. [R. at 15, 65]. The Social Security Administration denied Plaintiff's claim in its initial

---

[1] Leland Dudek is currently the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), Dudek is automatically substituted as the named Defendant in this action.

determination and upon reconsideration. [R at 78, 92]. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and a telephonic hearing was held on July 29, 2021. [R at 34–64]. The ALJ issued a decision on August 24, 2021, denying benefits and finding Plaintiff not disabled. [R at 15–26]. The SSA Appeals Counsel granted review and adopted and affirmed the ALJ's decision in all regards, except for the date the claimant was last insured for disability insurance benefits. [R at 4–7]. United States Magistrate Judge Jodi F. Jayne issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. Plaintiff objected to the Report and Recommendation, thus requiring review by this Court.[2] The Social Security Administration did not respond to Plaintiff's objection.

## II. Standard of Review

Under Fed. R. Civ. P. 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to

---

[2] The Court will address the ALJ's decision rather than separately addressing the Appeals Council decision because the Appeals Council adopted all findings in the ALJ decision apart from the date last insured, and the ALJ's decision is the focus of Judge Jayne's Report and Recommendation and Plaintiff's objection.

determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

"Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

### III. Discussion

Plaintiff makes three objections to the Report and Recommendation. First, that Judge Jayne did not adequately address the issues and arguments on Listing 4.02. [ECF No. 26 at 1–2]. Second, that the circumstances in this case should have "invoke[d] the ALJ's duty to further develop the record." [*Id.* at 3]. Third, that Judge Jayne incorrectly found that Plaintiff was "only asking the Court to re-weigh the evidence" when Plaintiff argued that the ALJ "violated 20 C.F.R. § 404.1529 and SSR 16-3p, by failing to provide sufficient reasons for rejecting Plaintiff's allegations of disabling restrictions." [*Id* at 3–4]. The Court is not persuaded by Plaintiff's objections.

## A. Listing 4.02

Plaintiff's objection focuses on her echocardiogram results from 2018 that showed ejection fractions of 18% and 27% as well as test results from 2019 that "reflected dilated cardiomyopathy, chronic combined systolic and diastolic heart failure, and left ventricular apical thrombus without myocardial infarction." [ECF No. 26 at 2]. Plaintiff's alleged disability onset date is December 31, 2018. [R. at 15, 187–88]. However, the 2018 echocardiogram results showing ejection fractions of 18% & 27% were from April and September 2018, *before* the alleged onset date. [ECF No. 26 at 8]; [R. at 294, 359]. And while the 2019 echocardiogram lists several diagnoses, that report does not identify ejection fraction information other than the previous 2018 results. [ECF No. 25 at 8]; [R. at 372–76].

Plaintiff argues that "[t]he fact that the actual testing which underpinned the diagnoses occurred a few weeks before the alleged onset of December 31, 2018, should not disqualify Plaintiff from eligibility, and the ALJ's cut-and-paste paragraphs offer no insight into his actual consideration of the records which appear to establish that this case satisfies the Listing." [ECF No. 26 at 2]. Embedded in this objection is Plaintiff's assertion that the "ALJ erred by failing to properly consider or adequately address the pertinent evidence in determining that a finding of disability was not directed at [s]tep three in the sequential evaluation process." [*Id.*]. Plaintiff also complains that Judge

Jayne did not address Plaintiff's argument that the ALJ's "discussion of Listing 4.02 was nothing more than a boilerplate template which could be inserted into any case which raised the applicability of Listing 4.02." [*Id.* at 1].

Judge Jayne correctly determined that Plaintiff's reliance on the 2018 and 2019 testing is problematic for two reasons. First, the 2018 and 2019 test results, which are from before the claimed period of disability,[3] cannot alone support a disability finding. "[S]uch evidence is not dispositive because disability must be proven during the time for which it is claimed." [ECF No. 25 at 8] (collecting cases).[4] Second, Plaintiff's evidence does not satisfy the requirements in Listing 4.02. [*Id.* at 9–10]. To satisfy the requirements of Listing 4.02, Plaintiff would need to show:

> 1. Systolic failure (see 4.00D1a(i)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure); or
>
> 2. Diastolic failure (see 4.00D1a(ii)), with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with

---

[3] The Court agrees with Judge Jayne's determination that although the 2019 report is dated January 24, 2019, which falls within the onset period, it is "not accompanied by an ejection fraction reading and therefore cannot suffice to satisfy any part of the listing." [ECF No. 25 at 8]; *see also* [R. at 372–76].

[4] Judge Jayne also observed that "Plaintiff cites no authority suggesting that the data occurring outside the relevant period could be used to satisfy the listing criteria." [ECF No. 25 at 8]. Notably, Plaintiff does not cite any authority in her objection for this proposition, either.

>  normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure)

20 C.F.R. Pt. 404, Subpart P, App. 1, 4.02(A) (eff. Feb. 18, 2025). The ALJ included the entirety of Listing 4.02 in his decision, immediately followed by this analysis: "The claimant's most recent echocardiogram in July 2020, indicated EF of 35–40%, left ventricular end diastolic dimensions less than 6.0 cm, left ventricular posterior wall plus septal thickness totaling less 2.5 cm, and left atrium less than 4.5 cm (12F)." [R. at 22]; *see also* [R. at 447–48]. This is not a mere "boilerplate template" statement from the ALJ. The ALJ's decision incorporates Plaintiff's relevant test results, and those results plainly do not meet the requirements for the Listing.

The Court further agrees with Judge Jayne's determination that no reasonable factfinder could conclude that Plaintiff met Listing 4.02, so any error by the ALJ would be harmless. [ECF No. 25 at 9–10] (collecting cases). Therefore, because the evidence did not satisfy Listing 4.02, Plaintiff's objection is overruled.

### B. The ALJ's Duty to Further Develop the Record

Plaintiff appears to argue that the 2018 and 2019 test results "which evidenced that a Listing was satisfied," coupled with the "confusing, handwritten corrections" in the July 2020 echocardiogram results invoked the ALJ's duty to further develop the record. [ECF No. 26 at 2–3]. Certainly, "[a]n ALJ 'has a basic obligation in every social security case to ensure that

6

an adequate record is developed ... consistent with the issues raised.'" *Jackie A. v. Kijakazi*, No. 20-CV-253-JED-CDL, 2022 WL 1510569, at *7 (N.D. Okla. Feb. 15, 2022) (quoting *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360–61 (10th Cir. 1993)). But this obligation "is limited to 'fully and fairly develop[ing] the record as to material issues.'" *Id.* (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997)).

Just as Judge Jayne correctly noted, the July 2020 echocardiogram report is not confusing, and it is not so ambiguous that the ALJ should have developed the record more fully. [ECF No. 25 at 4–5]. The 2020 echocardiogram report does contain handwritten corrections, but the corrections are signed by a physician [R. at 448], and the ALJ and others read the results as evidencing an ejection fraction of 35–40%. [R. at 22–26, 76, & 90–91].

Plaintiff is now asking the Court to find the July 2020 results confusing when compared with the 2018 and 2019 test results, which the ALJ already considered. [R. at 23–24]. In other words, Plaintiff is asking the Court to reweigh the evidence. But that is not appropriate at this stage of review. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

For the reasons stated above, the ALJ was not obligated to develop the record more fully. Plaintiff's objection is overruled.

**C. The ALJ's Consistency Analysis**

Plaintiff objects to the Report and Recommendation on the basis that the ALJ violated 20 C.F.R. §§ 404.1529 & 416.929 and SSR 16-3p "by failing to provide sufficient reasons for rejecting Plaintiff's allegations of disabling restrictions." [ECF No. 26 at 3–4]. Plaintiff focuses her objection on three main areas: (1) the use of her hands; (2) her heart condition; and (3) frequent bathroom use. The Court is not persuaded by Plaintiff's arguments, and the Court agrees with Judge Jayne's recommended findings on the ALJ's consistency analysis.

Generally speaking, an ALJ must determine whether the claimant's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other record evidence. SSR 16-3P, 2016 WL 1119029, at *7 (Mar. 28, 2016). In making this determination, the ALJ should also consider several enumerated factors. *Id.* (citing 20 C.F.R. §§ 404.1529(c)(3) & 416.929(c)(3)).

"Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008) (quoting *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir.1990)). Further, a court "will uphold the ALJ's findings as long as they are 'closely and affirmatively linked to substantial evidence and not just a

conclusion in the guise of findings.'" *Kidd v. Comm'r, SSA*, No. 21-1363, 2022 WL 3041097, at *6 (10th Cir. Aug. 2, 2022) (quoting *Cowan*, 552 F.3d at 1190); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("But so long as the ALJ 'sets forth the specific evidence he relies on in evaluating the claimant's credibility,' he need not make a 'formalistic factor-by-factor recitation of the evidence.'") (citation omitted). The guide for a reviewing court is "common sense, not technical perfection." *Keyes-Zachary*, 695 F.3d at 1167.

After carefully reviewing and considering the entire record and the briefing in this case, the Court agrees with the ALJ's determination and Judge Jayne's report and recommendation. First, Judge Jayne correctly noted that the ALJ specifically "discussed Plaintiff's testimony regarding her hands … and he provided legitimate reasons for discounting that testimony." [ECF No. 25 at 14]. This finding is supported by the record. The ALJ acknowledged Plaintiff's testimony about her hand limitations, but he also focused on a "physical examination [that] revealed full range of motion and full function with no tenderness in both upper extremities with strong grip strength in both hands." [R. at 18].

Second, Plaintiff objects that the ALJ did not "explain why the echocardiogram and catheterization evidence fails to establish a heart condition which could reasonably be expected to cause the leg swelling, rapid

9

heart rate, chest pain, and inability to walk or stand in one spot for any longer than 10 to 15 minutes." [ECF No. 26 at 4–5]. But as Judge Jayne correctly observed, the ALJ did find "Plaintiff's congestive heart failure to be a severe impairment and noted findings of trace pedal edema in March 2020. . . . The ALJ also noted that Plaintiff has at times denied dizziness, chest pain, palpitations, and leg edema." [ECF No. 25 at 15]; *see also* [R. at 18]. This, combined with the additional evidence related to these symptoms cited by the ALJ, [R at 22–25], all demonstrate that he properly considered all of the evidence, and that his determination was based on substantial evidence.

Third, Plaintiff objects that the "ALJ's decision does not address Plaintiff's testimony about her need for multiple trips to the bathroom for the first couple hours after she takes a diuretic which has been prescribed for her congestive heart failure." [ECF No. 26 at 5]. However, the ALJ did acknowledge Plaintiff's testimony. [R at 23] ("[Plaintiff] takes water pills and must use the bathroom about every ten minutes at the start of her day."); *see also* [R. at 57]. The ALJ acknowledged this testimony—along with many other facts in the records—in his discussion about Plaintiff's residual functional capacity ("RFC"). Without more argument or explanation from Plaintiff, it appears that she is merely asking the Court to reweigh the evidence considered by the ALJ and find that her RFC did not permit her to work. But that would be improper at this stage. *Lax v. Astrue*, 489 F.3d 1080,

1084 (10th Cir. 2007). Because the ALJ acknowledged and fully analyzed the facts, the Court will not upset his decision. Plaintiff's objection is overruled.

## IV. Conclusion

For the reasons stated above, the Court OVERRULES Plaintiff's objection [ECF No. 26], ADOPTS the Magistrate Judge's Report and Recommendation [ECF No. 25], and affirms the Commissioner's denial of benefits.

DATED this 30th day of April, 2025.

*Sara Hill*

Sara E. Hill
UNITED STATES DISTRICT JUDGE